UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHANNON BAKER | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 07-7754 |
| RIVERSIDE COURT CONDOMINIUM ASSOCIATION, INC., ET AL. | * | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 5). For the following reasons, the Plaintiff's motion is now GRANTED IN PART and this matter will be REMANDED to state court.

**I.  BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's condominium located at 6220 Ackel Street in Metairie, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"), the Plaintiff's homeowner's insurance carrier, and The Riverside Court Condominium Association, Inc. ("Riverside").

On August 29, 2007, the Plaintiff filed the present action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The Plaintiff alleges that she is entitled to payment from the Defendants for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. State Farm removed the case to federal court on November 1, 2007, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because Riverside is improperly joined and the amount in controversy exceeds $75,000. On December

18, 2007, the Plaintiff filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Specifically, State Farm asserts that diversity jurisdiction exists because Riverside, the non-diverse defendant, was improperly joined and, therefore, that the Court must disregard the citizenship of this defendant.

"The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312

(5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

In this case, the Plaintiff's allegations in her complaint are of a general nature and refer generically to the "Defendant." Indeed, the only specific mention of State Farm or Riverside is in the introduction to the complaint. State Farm argues that the use of the singular "Defendant" throughout the complaint demonstrates that the Plaintiff only has claims against one of the Defendants, namely State Farm, and that she has improperly joined Riverside to destroy the Court's diversity jurisdiction. Without further factual development, however, the Court cannot conclude that the Plaintiff has no possibility of recovery against the in-state defendant in this case. *See, e.g., S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).[1]

### III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec. Doc. 5) is GRANTED IN PART and that this matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. However, the Plaintiff's request for attorney's fees and costs is DENIED.

New Orleans, Louisiana, this 11th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Although this is a matter for the state court following remand, the Court notes that perhaps the Plaintiff should amend her complaint to clarify her claims against Riverside.

3